# IN THE COURT OF APPEALS OF IOWA

No. 18-2000
Filed September 11, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**EUGENE HARRIS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Thomas G. Reidel (trial) and Henry W. Latham II (sentencing), Judges.


Eugene Harris appeals his conviction for neglect of a dependent person.
**AFFIRMED.**


Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.


Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

The State charged Eugene Harris with neglect of a dependent person after police officers discovered his adult stepdaughter, C.D., locked in an upstairs bedroom.[1] The officers found C.D., who is a person with a cognitive disability, living in deplorable conditions and needing medical treatment. Following trial, a jury found Harris guilty of neglect of a dependent person.

On appeal, Harris challenges the sufficiency of the evidence supporting his conviction. We review a challenge to the sufficiency of the evidence for correction of errors at law. *See State v. Benson*, 919 N.W.2d 237, 241 (Iowa 2018). We view the evidence in the light most favorable to the State and affirm the verdict if substantial evidence supports it. *See id.* Substantial evidence is evidence that could convince a rational factfinder of guilt beyond a reasonable doubt. *See id.*

The court instructed the jury to find Harris guilty of neglect of a dependent person if the State proved these elements beyond a reasonable doubt:

> 1. On the 22nd day of May 2018, Eugene Harris was a person having custody of [C.D].
> 2. [C.D.] is a person who by reason of mental or physical disability is not able to care for herself.
> 3. Eugene Harris, or someone he aided and abetted, knowingly or recklessly exposed [C.D.] to a hazard or danger against which [C.D.] could not reasonably be expected to protect herself.

Harris only challenges the evidence showing he was a person having custody of C.D. *See* Iowa Code section 726.8 (2018) (stating "the father, mother, or some other person having custody of a . . . person who by reason of mental or physical

---

[1] The State also charged Harris with dependent adult abuse but dismissed the charge when the jury could not reach a verdict on that count.

disability is not able to care for the person's self" may commit neglect of a dependent person).

When viewed in the light most favorable to the State, substantial evidence supports a finding that C.D. was in Harris's custody. Because our supreme court has held that the term "custody" as used in section 726.3 is not limited to legal custody, *State v. Johnson*, 528 N.W.2d 638, 642 (Iowa 1995), the fact that Harris is not C.D.'s father or legal custodian does not decide the issue. Rather, custody applies "to all situations in which one individual may be charged with the care and control of another." *Id.* at 642. The evidence here shows C.D. had lived in Harris's home for almost a year, and Harris admitted that he looked after C.D. and gave C.D. food and water when his wife was at work. "To be in charge of an individual and to hold the responsibility to care for that individual is precisely the definition of custody." *Johnson*, 528 N.W.2d at 641.

Harris tries to avoid accountability by claiming his wife's controlling behavior took away his power over even his own situation, leaving him to feel like a prisoner in his own home. Yet the evidence shows Harris had access to a cellphone and vehicle and could leave the house. His subjective belief that he lacked personal agency does not negate the evidence that he had custody over C.D.

Because substantial evidence supports Harris's conviction, we affirm.

**AFFIRMED.**